# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE ADEM, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-2102-JAR |
| | ) | |
| JEFFERSON MEMORIAL HOSPITAL ASSOCIATION, d/b/a/ JEFFERSON REGIONAL MEDICAL CENTER, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Jefferson Memorial Hospital Association d/b/a Jefferson Regional Medical Center and Warren Mark Breite, M.D.'s Motion for Attorney's Fees and Costs. [ECF No. 50] The motion is fully briefed and ready for disposition.

**Background**

This action was brought by Plaintiff Antoine Adem, M.D. ("Dr. Adem") seeking declaratory and injunctive relief and damages for alleged tortious interference with business expectancy and breach of contract as well as for violations of 42 U.S.C. § 1981, all based on the revocation of his medical staff privileges at Defendant Jefferson Memorial Hospital ("JRMC"). Jurisdiction in this Court relied on the claim raised in Count III for violations of 42 U.S.C. § 1981. On November 13, 2012, on Defendants' Motion, this Court dismissed Count III of Plaintiff's Amended Complaint with prejudice for failure to state a claim. (Doc. No. 46) The Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims seeking declaratory and injunctive relief and damages for tortious interference with business expectancy and breach of contract, and dismissed those claims without prejudice to be refiled in

state court. (Id.) Defendants seek an award of attorney's fees in the amount of $74,358.00 and costs and expenses in the amount of $22,608.40 under 42 U.S.C. § 1988, which provides for an award of attorney's fees to the prevailing party on claims brought under 42 U.S.C. § 1981.

**Legal Standard**

A prevailing defendant is entitled to attorneys' fees only in very narrow circumstances. O'Keefe v. Charter Communications, LLC, 2011 WL 2729230, at *2 (E.D. Mo. July 12, 2011) (citing Marquart v. Lodge 837, Int'l. Ass'n. of Machinists, 26 F.3d 842, 848 (8th Cir. 1994). "A plaintiff should not be assessed his opponent's attorney's fees unless the district court finds his claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Id. (quoting Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978)). Even allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation." Epice Corp. v. Land Reutilization Authority of City of St. Louis, Mo., 2010 WL 3340519, at *1 (E.D.Mo.August 23, 2010). As long as the plaintiff has *some* basis for his claim, a prevailing defendant may not recover attorneys' fees. Id. (emphasis added.) The Court is mindful of the Supreme Court's admonition to avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. See Christiansburg, 434 U.S. at 421–22; Williams v. City of Carl Junction, 523 F.3d 841, 843 (8th Cir.2008) (citations and quotations omitted) (reversing district court's award of attorney fees to defendants where plaintiff's claims, while not meritorious, were not frivolous or unreasonable).

**Discussion**

In this action, Plaintiff alleged Defendants' decision to revoke his medical staff privileges was motivated in large part by racial animus. He claimed a contractual relationship with JRMC as a basis for his § 1981 claim and further argued that Defendants' conduct impaired his contractual relationships with patients and colleagues. The Court granted Defendants' motion to dismiss, finding JRMC's medical staff bylaws did not constitute a contract. The Court further found that because Plaintiff's relationships with patients and colleagues were a benefit of his privileges at JRMC, the effect of having those privileges terminated could not form the basis of a § 1981 claim. (Doc. No. 46, p. 10)

In support of their motion for attorney's fees and costs, Defendants contend Plaintiff had no legal basis for his § 1981 claim because hospital bylaws are not contracts in Missouri. Egan v. St. Anthony's Medical Center, 244 S.W.3d 169, 174 (Mo. 2010). Where bylaws are not contracts, a physician's relationships with patients and colleagues cannot be the basis of a § 1981 claim. Jiminez v. Wellstar Health System, 596 F.3d 1304, 1307 (11th Cir. 2010). (Memorandum of Law in Support of Application for Attorney's Fees, Doc. No. 51, pp. 2-3) Defendants further contend Plaintiff's complaint lacked a factual basis because there was no evidence that Dr. Breite's alleged racism was a factor in the Board's decision to terminate his medical privileges. (Doc. No. 51, pp. 3-4)

Although Plaintiff was not ultimately successful, the Court is unable to find that Plaintiff's claims were frivolous, unreasonable, or groundless. Epice Corp., 2010 WL 3340519, at * 1. See, e.g., Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC, 471 F.3d 843, 848 (8th Cir.2006) (in § 1981 case, court held that although plaintiff failed to show discrimination, "she brought her claim in good faith and it was not frivolous or unreasonable"); Khan v.

3

Gallitano, 180 F.3d 829, 837 (7th Cir.1999) (affirming district court decision that plaintiff's "claim was not frivolous because, although it was meritless, it was a good faith argument for an extension of existing law").

Plaintiff argued that the court's analysis and ruling in Ennix v. Stanten, 556 F.Supp.2d 1073 (N.D. Cal. 2008), supported his action. There, an African-American cardiac surgeon sued a hospital and physicians under § 1981, claiming racial discrimination in connection with a medical peer review that resulted in a temporary loss of hospital privileges. The Northern District of California, at summary judgment, held there was a genuine issue of material fact as to whether or not a contractual relationship existed between the surgeon and the hospital. In addition, Plaintiff advanced his claim that JRMC made the Bylaws a binding contract through the medical staff membership application process in reliance on Zipper v. Health Midwest, 978 S.W.2d 398, 417 (Mo.Ct.App.1998), which held that an additional document may be required to make the bylaws a binding contract. (Memorandum in Opposition to Defendants' Motion for Attorney's Fees, Doc. No. 54, p. 3)

As for the factual basis underlying his claim, Plaintiff states he had a reasonable basis to believe that the JRMC Board relied on Dr. Breite's judgment as it related to his privileges based, *inter alia*, on Dr. Breite's testimony that as chief medical officer he was involved in anything involving patient care and physicians. (Id., p. 5)

The Court is mindful that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Ridder v. City of Springfield, 109 F.3d 288, 299 (6th Cir.1997). The Court finds that this is not such a case. C.f., Whitson v. Marriott Hotel Services, Inc., 2002 WL 1050382 (E.D. Mo. May 1,

4

2001) (fees awarded to defendant in a discriminatory discharge case where pro se plaintiff knew when he filed the suit that he was fired for falsifying records, never came forward with evidence to support his allegations, and did not voluntarily dismiss his claims afer it became apparent they were groundless); Bond v. Keck, 629 F.Supp. 225, 227 (E.D. Mo. 1986) (fees awarded to school defendants in civil rights action alleging racial discrimination where plaintiffs insisted on pursuing their complaint despite the court's expressed concern over the lack of credible evidence in the case); Braxton v. Bi-State Development Agency, 561 F.Supp. 889 (D.C. Mo. 1983) (fees awarded where action arose out of same set of facts as earlier action which was filed, dismissed and was on appeal). Defendants' motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees and Costs [50] is **DENIED**.

Dated this 2nd day of April, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE